# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

WILLIAM PHILLIP TEDDER                                              PLAINTIFF

v.                                                                                No. 4:19CV128-GHD-DAS

WARDEN WENDELL BANKS, ET AL.                               DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of William Phillip Tedder, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants violated his right to due process regarding his grievance against defendant Officer Gary. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Allegations

Mr. Tedder alleges that on April 19, 2019, he was attacked by inmate Nikola Radiff while housed in Unit 30-B at the Mississippi State Penitentiary in Parchman. Officer Gary wrote a Rule Violation Report ("RVR") against Mr. Tedder, who considers himself the victim, rather than the aggressor. Warden Banks interviewed Mr. Tedder and told him that if he passed a drug screen, then the RVR would be dismissed, and the Warden would help him out. The next morning, Tedder's pillow was slashed, and he was threatened by friends of Radiff, then moved to another unit where he felt less safe. When Tedder asked for charges to be filed against his attacker, the RVR was processed, and he was found guilty. As a result, he lost earned good time (which counts as credit towards his sentence), Trusty status, and placement in school. He was also placed in Unit 29, where he is locked down for 23 hours per day.

## No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of earned good time and a change in custody classification and its attendant loss of privileges. Such punishment clearly "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Earned Good Time

The plaintiff's claims regarding loss of earned good time must also fail. He contends that defendants violated his constitutional rights by stripping him of earned time credits which count toward his early release from confinement. Section 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits, *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), and it is likewise improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*. The Court subsequently has applied *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences. *Edwards v. Balisok*, 520 U.S. 641 (1997). The rule which the Fifth Circuit Court of Appeals follows in determining whether a prisoner must first obtain *habeas corpus* relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)). Because Mr. Tedder, if successful in the instant case, would be entitled to accelerated release, he must first obtain *habeas corpus* relief before bringing suit pursuant to § 1983, and these claims must be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 7th day of October, 2019.

_____
UNITED STATES SENIOR DISTRICT JUDGE